UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Sonia Hicks, | C/A No. 6:17-cv-02462-DCC |
| Plaintiff, | |
| vs. | ORDER |
| Brookdale Senior Living Communities Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Compel Arbitration or, in the Alternative, to Dismiss ("the Motion"). ECF No. 5. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 8, 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On March 13, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 14. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 15, 16.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will

review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in his Report which the Court incorporates by reference. Plaintiff brings a claim for wrongful termination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). ECF No. 1-1. The Magistrate Judge recommends that the Motion be granted and that the case be dismissed. Plaintiff presents three objections for the Court's review, which the Court will discuss in turn.

Plaintiff's first objects to the Magistrate Judge's conclusion that the Brookdale Dispute Resolution Agreement ("the 2014 Agreement") is controlling in the present action. ECF No. 15 at 1–2. Plaintiff asserts that Defendant referred to a 2016 arbitration agreement in their Reply to the Motion, which was not discussed by Judge McDonald or provided to Plaintiff. *Id*. Plaintiff also argues that this missing arbitration agreement demonstrates that the 2014 Agreement is illusory because it can be revoked at any time. The Court disagrees.

As an initial matter, it appears that the reference to a 2016 arbitration agreement was a scrivener's error. In its Reply to the Motion, Defendant states in relevant part,

> On October 17, 2011, Plaintiff signed the Employment Binding

>Arbitration Agreement. (*See* Plaintiff's signed Employment Binding Arbitration Agreement, dated February 1, 2016, attached hereto as Exhibit A.) Subsequently, Plaintiff signed the Dispute Resolution Agreement ("the Agreement") with Brookdale on December 17, 2016.

ECF No. 10 at 3. The referenced attachment is entitled "Employment Binding Arbitration Agreement" and appears to have been signed and dated by Plaintiff on October 17, 2011. ECF No.10-1. With respect to the second 2016 reference by Defendant, Plaintiff signed and dated the 2014 Agreement on December 17, 2014. ECF No. 5-2 at 3; *see also* ECF No. 16 at 3 (Defendant's Reply to the objections stating that the reference to a 2016 arbitration agreement was a "typographical error" and reiterating that it has only referenced the 2014 Agreement in its pleadings). Accordingly, it does not appear that there are more undisclosed arbitration agreements, and the Court overrules this objection.[1]

Plaintiff next argues that the Magistrate Judge erred in his analysis regarding whether Plaintiff's employment with Defendant had a sufficient relationship with interstate commerce such that this action comes under the Federal Arbitration Act ("FAA"). ECF No. 15 at 2–4. Plaintiff contends that the 2014 Agreement does not implicate interstate

---

[1] To the extent that Plaintiff intends to reassert its challenge that the 2014 Agreement is illusory because it is subject to change, the Court finds the Magistrate Judge has properly evaluated this argument. As explained at length by Judge McDonald, it appears that the handbook may be unilaterally changed by Defendant without notice to Plaintiff; however, the 2014 Agreement—a separate document—does not afford Defendant the same authority. *See* ECF No. 5-2. Further, the 2014 Agreement is not unconscionable merely because it was offered as a condition of Plaintiff's employment or because Plaintiff now contends she lacked the sophistication to under the effects of signing it. *See Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 669 (S.C. 2007) (citation omitted); *Regions Bank v. Schmauch*, 582 S.E.2d 432, 440 (S.C. Ct. App. 2003).

commerce either through services or goods to be provided. *Id*. Further, Plaintiff maintains that the Magistrate Judge erred in finding that Defendant's community received supplies and other goods and services from all over the country because the proper analysis should have focused on whether the services that Plaintiff performed involved or affected interstate commerce. *Id*. Finally, Plaintiff argues that the Magistrate Judge's reliance on *Dean v. Heritage Healthcare of Ridgeway*, 759 S.E.2d 727 (S.C. 2014) is misplaced.[2] *Id*. The Court disagrees.

With respect to Plaintiff's arguments that the 2014 Agreement and Plaintiff's position with Defendant do not implicate interstate commerce, the Court finds that the Magistrate Judge properly considered these issues. As an initial matter, the Court is not confined to only look at the terms used in a contract in determining whether the agreement involves interstate commerce. *See Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 282 (1995) (looking to facts outside of the arbitration provision to determine if interstate commerce was involved in the transaction). Further, this District has found that "it is clear that an otherwise intrastate transaction involves interstate commerce when the parties perform their agreement using supplies acquired through interstate commerce ." *Swane Co. v. Berkeley Cty. S.C.*, C/A No. 2:15-cv-02586-DCN, 2015 WL 6688072, at *3 (D.S.C. Oct. 30, 2015). Here, Plaintiff appears to suggest that because she was a

---

[2] Plaintiff also appears to argue that the Magistrate Judge incorrectly relied upon the section of the 2014 Agreement which states that "this is a matter involving commerce" in deciding that the 2014 Agreement implicated interstate commerce. ECF No. 15 at 3. Upon review of the Report, the Court finds that this sentence was a recitation of facts and not a legal conclusion.

housekeeper, her services for Defendant did not involve interstate commerce. However, Plaintiff fails to suggest that she did not use any supplies received through interstate commerce in her performing her duties for Defendant. Accordingly, this action is subject to the FAA, and this objection is overruled.[3]

Finally, Plaintiff objects to the Magistrate Judge's consideration of the confidentiality provision in the 2014 Agreement. ECF No. 15 at 4–5. Plaintiff contends that the 2014 Agreement's confidentiality provision undermines one of the purposes of Title VII—to incentivize employers to change their practices by holding them publically accountable. *Id.* The Court finds that this concern is cured by the second paragraph of the 2014 Agreement that allows the covered employee to bring claims with an administrative agency if provided for by law, including the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, and the Office of Federal Contract Compliance Programs. ECF No. 5-2 at 2. Accordingly, this objection is overruled.

## **CONCLUSION**

Therefore, the Court adopts the ruling of the Report. Defendant's Motion to Compel Arbitration is **GRANTED** and this action is **DISMISSED** pursuant to *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001).[4]

---

[3]Plaintiff's objection that the Magistrate Judge improperly relied upon *Dean* because that case involved a resident and a nursing home where the nursing home was obligated to provide supplies and supplies acquired through interstate commerce is also overruled.

[4]The parties are reminded that in the event they cannot agree on an arbitrator, the 2014 Agreement allows them to apply to this Court to decide upon a neutral arbitrator. *See* ECF No. 5-2 ¶ 3.

IT IS SO ORDERED.

| | |
|---|---|
| July 2, 2018<br>Spartanburg, South Carolina | s/ Donald C. Coggins, Jr.<br>United States District Judge |